LITTLER MENDELSON, P.C.
O. MISHELL P. TAYLOR, Bar No. 256850
mtaylor@littler.com
ALLISON C. GARRETT, Bar No. 293582
agarrett@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| SHEIDA HUKMAN,<br><br>  Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>  Defendant. | Case No. **'18CV1204 GPC RBB**<br><br>(San Diego Superior Court Case No. 37-2017-00045298-CU-WT-CTL)<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION BY DEFENDANT SOUTHWEST AIRLINES CO. FROM STATE COURT**<br><br>[28 U.S.C. §§ 1331, 1332, 1441, 1446] |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

CASE NO.

TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF SHEIDA HUKMAN:

PLEASE TAKE NOTICE that Defendant SOUTHWEST AIRLINES CO. ("Defendant") hereby effects removal of this action from the Superior Court in the State of California for the County of San Diego, Central, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1331, 1332(a), 1441(a) and (b), and 1446.

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. section 1331 based on federal question as Plaintiff's Complaint refers to and arises out of alleged violations of a federal statute, Title VII of the Civil Rights Act of 1964. Specifically Plaintiff's Complaint asserts that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by allegedly discriminating against Plaintiff based on her national origin, retaliating against Plaintiff, denying Plaintiff's hiring as a supervisor, denying Plaintiff training as a Customer Service Agent and harassing Plaintiff. Complaint, pp. 2, 11-14.

All other claims for relief under various California statutory laws, including California Fair Employment and Housing Act and public policy, are within the supplemental jurisdiction of this Court under 28 U.S.C. section 1367(a), because they are so related to Plaintiff's Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims are all derivative of her Title VII claims since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n,* 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are related to Plaintiff's federal claim.

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    2    CASE NO.

## II. ALTERNATIVE STATEMENT OF JURISDICTION

In the alternative, this action is a civil action of which this Court has original jurisdiction based on complete diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant, a Texas corporation whose principal place of business is located in the State of Texas, pursuant to 28 U.S.C. section 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a) and 1446(b).

## III. STATEMENT OF VENUE

Venue is proper in this Court since it covers the district where the state court action is pending. *See* 28 U.S.C. § 1441(a).

## IV. PROCEDURAL BACKGROUND

On November 27, 2017, Plaintiff SHEIDA HUKMAN ("Plaintiff") filed a complaint in the Superior Court for the County of San Diego entitled *SHEIDA HUKMAN, Plaintiff v. SOUTHWEST AIRLINES CO., Defendant,* Case No. 37-2017-00045298-CU-WT-CTL (the "Complaint").

Plaintiff asserts the following causes of action in her Complaint: (1) Discrimination, violation under Title VII of the Civil Rights Act of 1964, based on National Origin; (2) Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200e, et seq. (Title VII); (3) Retaliation in violation of California Fair Employment and Housing Act (FEHA), California Government Code 12940 et seq.; (4) Denied hiring as a supervisor in violation of Title VII of the Civil Rights Act of 1964; (5) Denied proper training as a Customer Service Agent in violation of Title VII of the Civil Rights Act of 1964; (6) Harassment in violation of Title VII of the Civil Rights Act of 1964; (7) Failure to stop discrimination and harassment; and (8) Wrongful termination in violation of the public policy of the State of California.

Defendant received a copy of the Complaint on May 9, 2018. A true and correct copy of the Complaint and accompanying documents is attached hereto as **Exhibit A**.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    3    CASE NO.

Defendant filed its Answer to the Complaint in San Diego Superior Court on June 7, 2018. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

Defendant is not aware of any further proceedings or filings regarding this action in San Diego County Superior Court.

## V. TIMELINESS OF REMOVAL

Under 28 U.S.C. section 1446(b)(1), a case may be removed to federal court within thirty (30) days after the initial pleading is served. Defendant received Plaintiff's Complaint on May 9, 2018, via personal service, which sets forth the claim for relief upon which such action or proceeding is based as provided under 28 U.S.C. section 1446(b)(1). Defendant has filed this Notice of Removal within thirty (30) days after receipt and within one year after commencement of this action. *See* 28 U.S.C. § 1446(b)(1). Therefore, Defendant's removal of this action is timely.

## VI. PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT ARE PREMISED ON A FEDERAL STATUTE

Plaintiff alleges five separate causes of action under Title VII, including Discrimination, violation under Title VII of the Civil Rights Act of 1964, based on National Origin; Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200e, et seq. (Title VII); Denied hiring as a supervisor in violation of Title VII of the Civil Rights Act of 1964; Denied proper training as a Customer Service Agent in violation of Title VII of the Civil Rights Act of 1964; and Harassment in violation of Title VII of the Civil Rights Act of 1964. *See* Complaint, p. 2.

Plaintiff's other claims for relief under various California statutory laws, including California Fair Employment and Housing Act and public policy, are so related to Plaintiff's Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution. For example, Plaintiff's causes of action for Retaliation in violation of California Fair Employment and Housing Act (FEHA), California Government Code 12940 et seq.; Failure to stop discrimination and harassment; and Wrongful termination in violation of the public

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

4

CASE NO.

policy of the State of California, are nearly identical to her Title VII claims. *See* Complaint, p. 2. As such, Plaintiff additional claims are within the supplemental jurisdiction of this Court under 28 U.S.C. section 1367(a).

Plaintiff's state law claims, therefore, are all derivative of her Title VII claims since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n,* 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are related to Plaintiff's federal claim.

## VII. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT

### A. Plaintiff is a Citizen of the State of Nevada

This Court has original jurisdiction over this civil suit pursuant to diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a)(1). In defining diversity of citizenship jurisdiction, section 1332(a) provides:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States …

28 U.S.C. § 1332(a).

Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that place of residence is prima facie evidence of domicile for purposes of determining citizenship); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 2014 U.S. Dist. LEXIS 131317 at *5 (N.D. Cal. 2014) (same). A person's domicile is established by physical presence and his intent to remain. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Furthermore, allegations of residence in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew,* 797 F.2d at 751.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION 5 CASE NO.

At all relevant times, Plaintiff was a resident and a domiciliary of the State of Nevada. Complaint, p. 1.

### B.     Defendant is a Citizen of Texas

For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010). Except in unusual circumstances, a corporation's corporate headquarters is in its "nerve center." *Id.*

At the time Plaintiff filed suit, Defendant was and still is incorporated in the state of Texas. *See* Declaration of Michelle Inlow in Support of Defendant's Removal of Civil Action to Federal Court ("Inlow Decl."), ¶ 2.

Moreover, Defendant's corporate headquarters are located in Dallas, Texas, from where its executive officers direct, control, and coordinate the corporation's activities and executive functions. *See* Inlow Decl., ¶ 3; *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Dallas, Texas, is Defendant's principal place of business.

Based on the foregoing, Defendant is a citizen of the State of Texas.

### C.     The Amount in Controversy Exceeds $75,000

District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Removal of the action under 28 U.S.C. section 1332(a) "is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). Because Plaintiff's Complaint does not specify a

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION       6       CASE NO.

particular amount in damages, Defendant must show only that it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.*

In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating the amount in controversy analysis presumes that "plaintiff prevails on liability"). If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.")

Economic damages, non-economic damages, general damages and attorney's fees are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorney's fees is considered when determining the amount in controversy where underlying statute provides for attorney's fees as part of potential recovery); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-943 (same).

Plaintiff's Complaint does not allege specific damage figures. *See generally* Exhibit A. As a result, the preponderance of the evidence standard will apply for purposes of determining whether the amount in controversy is satisfied in this case. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007); *see also Ripee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (holding that the proper calculations for establishing the amount in controversy involved "using a combination of Defendant's own numbers and Plaintiff's allegations").

Although Defendant vigorously denies Plaintiff's claims, Plaintiff's Complaint evidences that Plaintiff has placed over $75,000 in controversy.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    7    CASE NO.

In her Complaint, Plaintiff seeks compensation for "economic loss" and compensatory damages *See* Complaint, pp. 11-15, 16. Plaintiff also seeks "job reinstatement, back pay and benefits, lost overtime - 401k plan - profit sharing, medical insurance, social security plus interest and tax consequences." *See* Complaint, p. 15. Compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Alabama*, 320 U.S. 238, 240 (1943). Therefore, this amount helps to establish the jurisdictional minimum amount in controversy to establish diversity jurisdiction.

Plaintiff asserts that her employment with Defendant was terminated. *See* Complaint, pp. 11-15.

At the conclusion of her employment, Plaintiff was a full-time probationary employee and earned approximately $13.63 per hour or approximately $545.20 per week. Inlow Decl. ¶ 5. There have been approximately 88 workweeks from the date of the conclusion of Plaintiff's employment on September 26, 2016, until June 8, 2018, the date of this notice of removal. *Id.* The amount of back pay in controversy between the time Plaintiff's employment with Defendant ended and the filing of this removal is therefore at least $47,977.60. Moreover, had Plaintiff remained employed, her hourly rate of compensation would have likely increased pursuant to the terms of a collective bargaining agreement that would have been applicable to her employment. Inlow Decl. ¶ 6.

Both past and future lost wages should be taken into account for purposes of evaluating the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."). Estimating that a trial would not be for another year, would add an additional 52 weeks of recoverable back pay. The amount of back pay in controversy from today through trial is at least $28,350.40 for Plaintiff.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION      8      CASE NO.

In addition, to the extent Plaintiff seeks future damages or front pay as a result of Defendant's alleged wrongful conduct, such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (front pay award of four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (front pay award of ten years); *Harrod v. Bass Pro Outdoor World, LLC*, 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) (accepting defendant's calculation of plaintiff's front pay damages for one year of wages). Even conservatively estimating that Plaintiff seeks front pay damages of only one year, the amount of front pay in controversy in this case is at least $28,350.40 for Plaintiff.

In addition to economic damages, Plaintiff alleges she suffered emotional stress as a result of Defendant's alleged unlawful conduct. *See* Complaint. While Defendant disputes Plaintiff's claims, an award of emotional distress damages alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"). In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (citing Simmons, 209 F. Supp. 2d at 1033); *see also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.")

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

9

CASE NO.

For purposes of evaluating the amount in controversy on Plaintiff's claims, and based on the foregoing jury verdicts, a conservative estimate of the emotional distress damages is at least $50,000.

Plaintiff also seeks to recover general and punitive damages. *See* Complaint, p. 15. Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) ("punitive damages may be included in computing the amount necessary for federal jurisdiction"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995) (same). California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded. *See* Cal. Civ. Code. § 3294. The amount of punitive damages awarded under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between the defendant's net worth. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357, 1359-60 (9th Cir. 1994). California courts have held that constitutionally permissible ratios of punitive to compensatory damages can vary from one-to-one to sixteen-to-one depending on the facts at issue in the case. *See, e.g., Bankhead v. ArvinMeritor, Inc.*, 205 Cal. App. 4th 68, 88-89 (2012) (collecting relevant case law related to constitutionally-acceptable ratios). Thus, Plaintiff's punitive damages could add to any award in her favor an amount that could well exceed their special damages. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail on one of her claims and establish that punitive and general damages are warranted, the punitive and non-economic damages alone could exceed the jurisdictional minimum amount in controversy to establish federal diversity jurisdiction.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    10    CASE NO.

Summary of Amount in Controversy

| Plaintiff's Claims | Amount in Controversy |
|---|---|
| Back Pay | $76,328.00 |
| Front Pay | $28,350.40 |
| Emotional Distress Damages | $50,000.00 |
| Punitive Damages | TBD |
| **TOTAL** | **$154,678.40 + punitive damages** |

Should diversity jurisdiction over Plaintiff's claims not be appropriate for any reason, there is still federal question jurisdiction over Plaintiff's Title VII claims, and all other claims for relief under California law are within the supplemental jurisdiction of this Court under 28 U.S.C. section 1367(a), as noted above.

## VIII. NOTICE TO PLAINTIFF AND THE STATE COURT

Contemporaneously with the filing of this Notice in this Court, counsel for Defendant is serving written notice of such filing on Plaintiff: Sheida Hukman P.O. Box 96321 Las Vegas, NV 89193 Shuckman1@gmail.com, huckman1@gmail.com, shfrabaee123@gmail.com.

In addition, Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Superior Court of the County of San Diego, California.

WHEREFORE, having provided notice as required by law, and demonstrative satisfaction of all requirements of diversity jurisdiction, Defendant requests the above-entitled action hereby be removed from the Superior Court of the County of San Diego to this Court.

Dated: June 8, 2018

LITTLER MENDELSON, P.C.

By: s/Allison C. Garrett
O. MISHELL P. TAYLOR
ALLISON CAPOZZOLI GARRETT
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

Firmwide:153450148.1 999999.7350

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    11    CASE NO.