UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEIDA HUKMAN,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>            Defendant. | Case No.: 18cv1204-GPC (RBB)<br><br>**ORDER GRANTING NONPARTY AMERICAN AIRLINES, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM FOR THE PRODUCTION OF DOCUMENTS [ECF NO. 31]** |

On March 21, 2019, Nonparty American Airlines, Inc. ("American") filed a motion to quash subpoena duces tecum issued by Plaintiff Sheida Hukman ("Hukman") for the production of documents [ECF No. 31]. For the reasons discussed below, the motion is **GRANTED**.

## I.  BACKGROUND

Hukman, proceeding pro se, alleges that her former employer, Defendant Southwest Airlines Co. ("Southwest"), subjected her to various forms of discrimination and harassment because of her national origin, described by Hukman as "Middle Eastern of Kurdish descent from Iraq." (Compl., ECF No. 1-2 at 2, 6.)[1] She asserts eight

---

[1] The Court cites to documents as paginated on the electronic case filing system.

1

overlapping federal and state claims against Southwest, including discrimination, retaliation, failure to hire as a supervisor, improper training, and harassment in violation of Title VII of the Civil Rights Act of 1964; retaliation and failure to stop discrimination and harassment in violation of the California Fair Employment and Housing Act; and wrongful termination in violation of California public policy. (Id. at 3, 15.) Hukman seeks job reinstatement, back pay and benefits, punitive damages, moving expenses, and compensatory damages for emotional pain and suffering, loss of reputation, and loss of future earnings. (Id. at 16-17.)

On February 26, 2019, Hukman sent a subpoena to produce documents to the custodian of records for nonparty American Airlines, Inc./US Airways Inc. via certified mail. (Mot. Quash, ECF No. 31-2 at 2, 4.) Hukman previously worked for American as a Customer Service Agent. (Id., ECF No. 31-1 at 5.) The subpoena seeks information regarding four nonparty American employees, Laura Williams-Anderson, Michelle Woo, Tomas Reveles, and Jacqueline Edwards, including documents relating to employment applications, benefits, leaves of absence, performance reviews, suspensions, fingerprints, complaints, workplace injuries, administrative filings (including unemployment and disability filings), and personnel files. (Id., ECF No. 31-2 at 8-11, 14-17.)[2] The subpoena also requests the production of complaints made by these employees about Hukman being a "terrorist" to authorities such as the TSA (Transportation Security Administration), FAA (Federal Aviation Administration) and Department of Transportation. (Id. at 9, 10, 14, 17.) Additionally, the subpoena seeks documents reflecting communications made by Woo to US Airways Human Resources regarding Hukman (id. at 11); communications between Reveles and Hukman, between Reveles and Edwards, Michelle Nolan, and Williams-Anderson, between Reveles and Las Vegas Management and Human Resources, and between Reveles and Philadelphia Management

---

[2] The subpoena also seeks documents relating to Hukman's employment with American. (Mot. Quash, ECF No. 31-2 at 12-13.) These requests are not at issue in this motion. (Id., ECF No. 31-1 at 5 n.1.)

2

and Human Resources (id. at 15); and communications between Edwards and Williams-Anderson (id. at 17).

On March 21, 2019, American filed the present motion to quash subpoena. American argues that Hukman seeks documents that are irrelevant to her claims in this lawsuit and not proportional to the needs of the case, that contain personal and highly confidential information regarding American's employees, and that may be used improperly in Hukman's separate litigation against American. (Id., ECF No. 31-1 at 5, 10-17.) The motion was referred to the undersigned on April 30, 2019, and the Court issued a briefing schedule on May 1, 2019 [ECF Nos. 48, 49]. Defendant Southwest filed a notice of non-opposition to the motion on May 10, 2019 [ECF No. 56]. Hukman did not file an opposition.

## II. LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. See Fed. R. Civ. P. 45. The scope of discovery that can be requested through a subpoena is the same as the scope under Rule 34, which is governed by Rule 26. See Fed. R. Civ. P. 45 advisory committee note to 1970 Amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

A party responsible for issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The court is required to enforce this duty, particularly when a subpoena has been served upon a nonparty to the litigation. See id.; High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 161 F.R.D. 86, 88 (N.D. Cal. 1995). On timely motion, the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, or that subjects a person to undue burden. Fed. R.

Civ. P. 45(d)(3)(A)(iii), (iv). On a motion to quash subpoena, the moving party bears the burden of persuasion under Rule 45(d)(3), but the party issuing the subpoena must demonstrate the discovery sought is relevant. Fujikura Ltd. v. Finisar Corp., Case No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) (citation omitted).

### III. DISCUSSION

#### A. Hukman's Failure to Oppose the Motion

The Court may grant American's motion to quash on the basis that Hukman failed to oppose the motion. Civil Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." See S.D. Cal. Civ. R. 7.1.f.3.c. Under Civil Local Rule 7.1.e.2, the time for filing an opposition to a motion is no later than fourteen calendar days prior to the noticed hearing. Id., 7.1.e.2. The Court issued a briefing schedule confirming the due date of May 10, 2019, fourteen calendar days prior to the hearing date of May 24, 2019, for Plaintiff to file an opposition to the motion. (See May 1, 2019 Order, ECF No. 49.) Hukman did not file an opposition. Accordingly, pursuant to Civil Local Rule 7.1, the Court **GRANTS** American's unopposed motion to quash, as Hukman has consented to the granting of the motion by failing to oppose it. S.D. Cal. Civ. R. 7.1.f.3.c; see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of unopposed motion to dismiss based upon local rule that the failure to file an opposition to any motion constituted a granting of the motion).

#### B. Merits of American's Motion

Notwithstanding Hukman's failure to oppose the motion to quash, the Court now turns to the merits of American's motion. In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party." Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005); see also Moon v. SCP Pool Corp., 232 F.R.D. 633,

637 (C.D. Cal. 2005). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Travelers, 228 F.R.D. at 113 (quoting United States v. Int'l Bus. Machs. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Here, the value of the information sought, as it relates to this litigation, is greatly outweighed by the burden the subpoena imposes on American. The subpoena is overbroad on its face as it seeks information not relevant to the claims in this action, seeks a broad range of personal and confidential information of American's employees, and is not narrowly tailored to the needs of this litigation. Hukman's claims in this case relate solely to her employment with Southwest, and her complaint makes no mention of Woo, Reveles, or Edwards. Although the complaint does reference Williams-Anderson, it does not contain any allegations arising out of Williams-Anderson's employment with American. Hukman has not provided any reasoning as to why employment records relating to employees of another company have any bearing on this case. Moreover, she has not shown that reports that she is a "terrorist" are relevant to her claims, nor has she demonstrated the relevance of any communications she has had with these individuals or their communications with other persons or entities.

As to the personal and confidential employment information sought by the subpoena, federal courts recognize "[a] person's interest in preserving the confidentiality of sensitive information contained in his personnel files." Nakagawa v. Regents of Univ. of California, No. C 06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (citing Detroit Edison Co. v. Nat'l Labor Relations Bd., 440 U.S. 301, 319 n.16 (1979)). Therefore, a constitutionally-based right to privacy is properly raised in response to requests for discovery. Id. (citations omitted). "To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files." Tierno v. Rite Aid Corp., No. C 05-02520 TEH, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008) (citing cases). The privacy rights of Williams-Anderson, Woo, Reveles, and Edwards in their

employment applications, leaves of absence, performance reviews, complaints, workplace injuries, and the like greatly outweigh any need for Hukman to have these documents, particularly given that this information has no bearing on Hukman's allegations against Southwest in this case.

American argues that Hukman likely intends to use the information sought in the subpoena in her separate lawsuit or administrative charge against American, currently pending in the United States District Court, Eastern District of Pennsylvania and the United States Department of Labor Administrative Review Board, respectively. (Mot. Quash, ECF No. 31-1 at 6-7, 17.) A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other lawsuits. 6 James Wm. Moore et al., Moore's Federal Practice § 26.101[1][b] (3d ed. 2017). Therefore, Hukman cannot use a subpoena in this case to obtain information for use in her separate actions against American.

## IV. CONCLUSION

For the reasons discussed above, American's Motion to Quash Subpoena Duces Tecum [ECF No. 31] is **GRANTED**. Hukman consented to the granting of the motion by failing to file an opposition. S.D. Cal. Civ. R. 7.1.f.3.c. Further, the subpoena seeks documents that bear no relevance to the claims in this case, contain private employment information, and appear to be sought for use in other litigation. The Court therefore **QUASHES** the portions of the subpoena seeking documents relating to American employees Laura Williams-Anderson, Michelle Woo, Tomas Reveles, and Jacqueline Edwards.

**IT IS SO ORDERED**.

Dated: May 28, 2019

Honorable Michael S. Berg
United States Magistrate Judge