Case 3:18-cv-01204-GPC-RBB   Document 79   Filed 09/17/20   PageID.2740   Page 1 of 5



**FILED**
Sep 17 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ AKR   DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEIDA HUKMAN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　　　Defendant - Appellee. | No. 19-56090<br><br>D.C. No. 3:18-cv-01204-GPC-RBB<br>U.S. District Court for Southern<br>California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered August 11, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

　　　　　　　　　　　　　　　　FOR THE COURT:

　　　　　　　　　　　　　　　　MOLLY C. DWYER
　　　　　　　　　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　By: Nixon Antonio Callejas Morales
　　　　　　　　　　　　　　　　Deputy Clerk
　　　　　　　　　　　　　　　　Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEIDA HUKMAN,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>       Defendant-Appellee. | No.   19-56090<br><br>D.C. No.<br>3:18-cv-01204-GPC-RBB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted August 7, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff Sheida Hukman ("Hukman") appeals the district court's order granting summary judgment to defendant Southwest Airlines Company ("Southwest"). We review the grant of summary judgment de novo, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir. 2000), and the court's procedural and

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidentiary rulings for an abuse of discretion, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017), and we affirm.

The district court properly dismissed all of Hukman's Title VII claims because she failed to file her complaint within ninety days of receiving her right-to-sue letter. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1127 (9th Cir. 2007). Hukman received the letter from the EEOC in April 2017 but did not file her complaint until November. We thus affirm the summary judgment grant on the first, second, fourth, fifth and sixth causes of action set forth in the complaint. Alternatively, the district court properly granted summary judgment on these claims because Hukman either failed to establish a *prima facie* case of discrimination or failed to demonstrate that Southwest's proffered reasons for terminating her within her 180-day probationary hiring period were pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Hukman also alleged claims for retaliation in violation of the California Fair Employment and Housing Act, failure to stop discrimination and harassment, and wrongful termination in violation of California public policy. The court properly granted summary judgment on Hukman's retaliation claim because she did not engage in any protected activity or complain of any discriminatory conduct prior to her termination. *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1125 (1998) (plaintiff must show that she engaged in protected activity, was thereafter subject to

adverse employment action, and causal link between the two). Hukman's state law claim for failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring, Cal Gov't Code § 12940(k), fails because she did not establish any viable discrimination or harassment claims. *See Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 288–89 (1998). Finally, Hukman's claim for wrongful termination fails because no public policy violation occurred. *See DeHorney v. Bank of Am. Nat'l Tr. & Sav. Ass'n,* 879 F.2d 459, 465 (9th Cir. 1989) (per curiam).

    Hukman's other assignments of error are also without merit. There is no indication the district court failed or declined to review any relevant evidence in its summary judgment decision. Having permitted Hukman to file two amendments to her opposition to Southwest's motion for summary judgment, the district court was well within its discretion to permit Southwest to file a sur-reply, and likewise properly denied her motion to strike. *See Pomona*, 866 F.3d at 1065. Hukman's contention that Southwest failed to provide all requested discovery is waived as it is raised for the first time on appeal. *In re Mortg. Elec. Reg. Sys.*, 754 F.3d 772, 780–81 (9th Cir. 2014). The district court did not abuse its discretion by not granting a joint motion to continue the summary judgment hearing, as this motion was rendered moot by the court's determination that oral argument was not necessary. *See Lake*

4

*at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.,* 933 F.2d 724, 729 (9th Cir. 1991).

**AFFIRMED.**